WARREN VANNOTE AND WILLIAM J. HICKS, PLAINTIFFS, v. THE NEW YORK AND LONG BRANCH RAILROAD COMPANY, BODY CORPORATE, AND THE PENNSYLVANIA RAILROAD COMPANY, BODY CORPORATE, DEFENDANTS.

Submitted May 15, 1925—Decided October 6, 1925.

Negligence—Truck Collision With Railroad Train—Engineer, Fireman, Flagman, if There Was One, Were All Emergency Men—Accident During Heavy Rain—Dispute Whether Flagman Performed His Duty—All Jury Questions—Contributory Negligence Dependent Upon Whether Flagman Was At Crossing—Verdict Held Not Against Weight of Evidence, Nor Were Damages Excessive.

On defendants' rule to show cause.

Before Justices PARKER, MINTURN and BLACK.

For the plaintiffs, *Maja Leon Berry*.

For the defendants, *John S. Applegate & Son*.

PER CURIAM.

The two plaintiffs were partners in a local express business and were riding together in a Ford truck in a very heavy rain across a crossing at Point Pleasant, which was normally protected by a flagman. One of the disputes of fact in the case is whether the flagman was there at the time. A curious feature of the case is that the engine that struck the plaintiffs was manned by an extra engineer and fireman, and the witness produced as the flagman was, admittedly, an emergency flagman whose usual occupation was track laborer, and who spoke and understood English very imperfectly. The accident occurred during a very heavy rain, and contributory negligence was charged as against both plaintiffs. There was a verdict against both defendants in favor of VanNote for $10,000, and in favor of the plaintiff Hicks for $1,000. The truck was demolished, but no recovery was had for that by instruction of the court.

Some half a dozen reasons are assigned, but the only reasons argued are that the verdicts were against the weight of evidence, and that the damages were excessive. We have read the case with care and feel that the verdict should not be set aside as against the weight of evidence. As to the flagman, of course, the testimony was in conflict, and we are not unmindful of his statement that he stood on the crossing and held out a stop sign on the end of a pole, and that this was broken by the plaintiffs' car in passing. Such was his testimony, but there was considerable testimony directly to the contrary, and the jury were plainly entitled to find that he was not where he should have been at the time the accident occurred. As to the statutory signals, concededly, the whistle was not sounded according to the statute, and, as

to the bell, several of the defendants' own witnesses say they did not hear it. This question of ringing the bell was eminently for the jury, and we are not prepared to say that they disregarded the evidence in their finding.

The question of contributory negligence is dependent principally upon the question whether the flagman was on the crossing. If he was not on the crossing, then, under the statute, neither plaintiff could have been nonsuited for contributory negligence. In any event, the matter was for the jury, and if we are unable to say that the jury disregarded the evidence as to whether the flagman was on the crossing or not, we are equally unable to say that the plaintiff was so clearly guilty of contributory negligence that this rule should be made absolute.

Nor do we think the damages were so excessive as to call for action in this court. The plaintiff VanNote was very severely injured, and it is, apparently, conceded that he will not be able to work again. The testimony indicates that he was making $2,500 a year at the time. We do not think the verdict was excessive as to him. Hicks was painfully injured and disabled for several months. The verdict in his favor was $1,000, and we are unable to say that this was excessive.

The rule to show cause will be discharged.